UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN CLARKE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COMMODITY FUTURES TRADING COMISSION, <br><br> Defendant. | Case No. 24-cv-167 (JMC) |

### ORDER

  This case presents an issue that the Court, admittedly, has not encountered before. Two judges in the Western District of Texas determined that this case should be transferred from their court to this one, the case was transferred and assigned to this Court, and then the Fifth Circuit ordered the Western District of Texas to ask for the case back.[1] Now before the Court is a request from the District Judge in Texas to return the case, ECF 70, and a flurry of motions from the Parties as to why the Court should, or should not, honor that request. The Court has considered the Parties' arguments and agrees with Plaintiffs that the overwhelming weight of authority supports returning the case to the jurisdiction where they originally filed it. So that is what the Court will do.

  The relevant procedural history is as follows. Plaintiffs are individuals and corporations who have invested in, used, or serviced the Victoria University of Wellington's online market for political-event contracts, which the complaint describes as "[e]ssentially a stock exchange for

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this order, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

1

political events." ECF 55 ¶¶ 1–2, 5, 32–45. They filed suit against Defendant Commodity Futures Trading Commission, contending that Defendant's decision to revoke its permission for the market to operate violates the Administrative Procedure Act. ECF 1. Plaintiffs initially filed their suit in the U.S. District Court for the Western District of Texas.

While the case was pending in the Western District of Texas, Defendant filed two motions to transfer or change venue pursuant to 28 U.S.C. § 1404(a). ECF 8; ECF 50. Defendant argued, among other things, that the case had dubious connections to the Western District of Texas and that a number of Plaintiffs, the Defendant, the decision-makers, and the lead attorneys were in the District of Columbia (or at minimum were not in Texas). ECF 8 at 7–10. Plaintiffs opposed. ECF 13. A Magistrate Judge issued a report and recommendation agreeing with Defendant that the case should be transferred to this District in the interest of justice, ECF 31, and a District Judge subsequently granted Defendant's renewed motion to change venue for similar reasons, ECF 61. In doing so, the Court concluded that the relevant public interest factors of the relative congestion of the courts and the local interest in adjudicating this matter in the District of Columbia significantly outweighed Plaintiffs' choice of forum. ECF 61 at 11. In its ruling, the Court observed that the Plaintiffs who had sustained the most substantial alleged harm from Defendant's conduct were the corporate entities that both operate in this District. ECF 61 at 10–11.

The Court issued its ruling transferring this matter on January 16, 2024. ECF 61. The case was transferred here on January 19, 2024. ECF 62. On February 2, 2024, Plaintiffs filed a petition for writ of mandamus in the United States Court of Appeals for the Fifth Circuit, arguing that the District Court in Texas abused its discretion in transferring the action to this District. ECF 65-2 at 2. In the meantime, Defendant filed motions in this Court asking to stay the proceedings and to allow briefing if the Court received a request to return this action to Texas. ECF 63; ECF 66.

2

Ultimately, the Fifth Circuit agreed with Plaintiffs and granted their requested relief. ECF 65-1. The Fifth Circuit disagreed with the manner in which the District Court weighed and considered the relevant factors, found that the local interests were neutral at best, determined that court congestion was not an adequate ground upon which to transfer a case, and ruled that the District Court abused its discretion in transferring this action. *See generally id.* The Fifth Circuit's ruling also pointed to the District Court's response to the petition and representation that in the future it would stay a transfer after a ruling until the Parties had the opportunity to review the transfer decision and file any challenges, which the Circuit Court commended and endorsed as a best practice. *Id.* at 2 n.1. Because this case had already been transferred, the Fifth Circuit directed the Texas District Court to request retransfer from this Court, *id.* at 2, which the Texas District Court has done, ECF 70.

Plaintiffs ask the Court to retransfer this matter to Texas out of respect for the District Court's request and principles of judicial comity. Defendant argues that the case is properly in this District and that the only way the Court can send it elsewhere is if it makes an independent determination that transfer is warranted under 28 U.S.C. § 1404(a). The Court appreciates Defendant's legal arguments, but the circumstances under which this case arrived at this Court are not the same as if a plaintiff filed a case here and a defendant sought transfer. But for the premature physical transfer of the case file, this case would not be in this Court. Had the transfer been delayed, Plaintiffs would have sought their mandamus review, the Fifth Circuit would have made its ruling, and the case would not have been transferred. Plaintiffs point out that this type of delay has been considered best practice in other circuits for some time. *See In re Nine Mile Ltd.*, 673 F.2d 242, 243 (8th Cir. 1982) ("Indeed, this Court previously observed that the better procedure is to hold up the transfer for a reasonable time pending possible petition for reconsideration or review."); *see*

*also Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1517 (10th Cir. 1991) ("[T]he preferred approach is to delay physical transfer of the papers in the transferred case for a long enough time to allow the aggrieved party to file a mandamus petition."). And the Fifth Circuit has endorsed a reasonable waiting period to allow for review going forward. So, this Court concludes that this case was transferred to this District prematurely.

When cases are transferred prematurely, federal district courts routinely—and without further analysis—return them upon request. *See, e.g.*, *Fine v. McGuire*, 433 F.2d 499, 500 & n.1 (D.C. Cir. 1970) (observing that the District of Maryland granted request to return case to District of Columbia while the D.C. Circuit considered mandamus petition); *CCA Glob. Partners, Inc. v. Yates Carpet, Inc.*, No. 5:05-CV-221, 2005 WL 8159381, at *2 (N.D. Tex. Dec. 22, 2005) (retransferring case to the Eastern District of Missouri, stating that "[t]his Court will not stand in the way of another district court attempting to correct what it believes to have been an error made while the case was under its jurisdiction"); *Billings v. Ryze Claim Sols., LLC*, No. 1:19-CV-01038, ECF 120 at 2 (E.D. Cal. Jan. 27, 2021) (granting request for retransfer to the Southern District of Indiana in accordance with Seventh Circuit mandate in *In re Ryze Claims Sols., LLC*, 968 F.3d 701 (7th Cir. 2020)); *Warrick v. Gen. Elec. Co.*, No. 3:95-CV-01661, ECF 4 (M.D. Pa. Dec. 11, 1995) (granting request for retransfer to the District of Connecticut in accordance with Second Circuit mandate in *In re Warrick*, 70 F.3d 736, 737 (2d Cir. 1995)); *In re Nine Mile Ltd.*, 692 F.2d 56, 57–58 (8th Cir. 1982) (observing that request for retransfer was honored in accordance with Eighth Circuit mandate in *In re Nine Mile Ltd.*, 673 F.2d at 243). Defendant points to only one case where a court did not honor another court's request to return a case after transfer, but that case is so different from the one here that the Court cannot take much from it. *See Def. Distributed v. Platkin*, No. 19-cv-04753, 2022 WL 14558237, at *4–5 (D.N.J. Oct. 25, 2022); *Def. Distributed v. Platkin*,

4

617 F. Supp. 3d 213, 240–41 (D.N.J. 2022). There, the transferor court in Texas requested retransfer a year after it initially sent the matter to New Jersey. *Def. Distributed*, 617 F. Supp. 3d at 224–25 (recounting transfer to New Jersey granted April 20, 2021, and request for retransfer issued April 13, 2022). And the request came after the Texas case had been consolidated, without objection, with parallel ligation initiated in New Jersey. *Id.* In other words, a significant amount of headway had been made in the litigation, and it would have been disruptive to break off a piece of a consolidated case and return it back to the requesting jurisdiction. Nothing has happened in this litigation so far that presents similar considerations.

Accordingly, the Court will follow the weight of authority and transfer this case back to the requesting jurisdiction because the record establishes that it was transferred prematurely. The Court makes no decision on the Parties' respective arguments on whether transfer would otherwise be appropriate. It certainly would be easy for the Court to keep this case—the Court currently has a case involving the same challenge against Defendant that is fully briefed and scheduled for argument soon. *KalshiEx, LLC v. Commodity Futures Trading Comm'n*, No. 23-cv-03257 (D.D.C.). Nor does the Court quite understand how the District Court in Texas abused its discretion in making its determination. But the weight of authority instructs the Court on how such requests are routinely addressed, and the Court will follow that course of action here.

The Court **ORDERS** this case **RETRANSFERRED** to the Western District of Texas. Consistent with the Court's prior ruling, *see* Minute Order, 03/21/2024, the retransfer is **STAYED** for ten days to allow Defendant to seek review of this decision if it so chooses.

    **SO ORDERED.**

 

JIA M. COBB  
U.S. District Court Judge

5

DATE: May 22, 2024